UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00096-GNS-CHL


MARY W. HODSON                                                                    PLAINTIFF


v.


NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                         DEFENDANT



## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection[1] to the Magistrate Judge's Report

and Recommendation (DN 21).   For the reasons stated below, Plaintiff's Objections are

**OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and

Recommendation ("R. & R.") (DN 20) is **ADOPTED**, and Plaintiff's Complaint (DN 1) is

**DISMISSED WITH PREJUDICE**.

## I.      BACKGROUND

### A.      Disability

In August 2013, Plaintiff Mary W. Hodson ("Plaintiff") protectively filed a Title II

application for a period of disability and disability insurance benefits alleging she had become

disabled on July 23, 2013.   (Administrative R. 198-204, DN 13-1 to DN 13-7 [hereinafter R.]).

On December 11, 2013, the Social Security Administration ("SSA") notified Plaintiff that her

benefits claims had been denied.   (R. at 99-114).   Plaintiff requested reconsideration on

---

[1] While Plaintiff's characterizes this filing as "exceptions," the Court will treat this filing as an
objection pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

December 26, 2013.  (R. at 142).  On March 21, 2014, the SSA notified Plaintiff that an independent review by a physician and disability examiner in the state agency had found the previous denial of benefits to be proper.  (R. at 115-132).  Plaintiff requested a hearing before an Administrative Law Judge on February 16, 2016.  (R. at 24-26).  On December 10, 2015, Plaintiff participated in a hearing before Administrative Law Judge Patrick Kimberlin ("ALJ").  (R. at 52-98).  The ALJ denied the claim, reasoning that Plaintiff had not been under a disability from July 23, 2013, through January 26, 2016, the date of the decision.  (R. at 27-51).

B.    **ALJ's Decision**

In reaching his decision, the ALJ evaluated Plaintiff's application under the five-step sequential evaluation process promulgated by the Commissioner.  (R. at 27-51).  First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 23, 2013, the alleged onset date.  (R. at 32).  Second, the ALJ determined that Plaintiff's "history of breast cancer status/post bilateral mastectomies and chemotherapy, with residuals; mild cognitive disorder; major depressive disorder; posttraumatic stress disorder; history of mild cerebral palsy since birth; panic disorder; and hypothyroidism" were "severe" impairments within the meaning of the regulations.  (R. at 32-33).  Third, the ALJ held that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1.[2]  (R. at 33-35).  Fourth, the ALJ found Plaintiff has the residual functional capacity to perform sedentary work, subject to limitations.[3]  (R. at 35-42).  Relying on testimony from a

_____

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1 contains the listing of impairments recognized by the SSA that may qualify an individual for benefits.

[3] The ALJ's findings regarding Plaintiff's restrictions read:

[N]o lifting over 10 pounds; no use of foot controls or pedals; no use of upper extremities above shoulder level; no climbing of ladders, ropes, or scaffolds; no exposure to hazards such as required driving, working at unprotected heights, or

vocational expert, the ALJ found Plaintiff unable to perform any of her past relevant work. (R. at 42). Fifth, the ALJ considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert. (R. at 42-43). The ALJ concluded that Plaintiff was capable of performing a significant number of jobs that exist in the national economy, and has not been under a "disability," as defined in the Social Security Act,[4] since the filing date of her application. (R. at 42-43). Plaintiff filed a request for review, which the Appeals Council denied. (R. at 2).

## C. **Plaintiff's Federal Claim**

Plaintiff filed suit in this Court seeking judicial review of the Commissioner's final decision. (Compl., DN 1). Following the filing of the administrative record and fact and law summaries from each party, Magistrate Judge Lindsay recommended that the final decision of the Commissioner be affirmed. (R. & R. 17).

Plaintiff objected to Magistrate Judge Lindsay's recommendation, and the Commissioner responded. (Pl.'s Obj., DN 21; Def.'s Resp. Pl.'s Obj., DN22). This matter is ripe for adjudication.

---

near dangerous machinery; no exposure to temperature extremes; simple routine job duties and instructions requiring only occasional work-related contact with coworkers and supervisors and no contact with the general-public; and no kneeling or crawling and occasional to all other postural activities.

(R. at 35).
[4] The term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (Title II); *see also id.* § 1382c(a)(3)(A) (utilizing an identical definition of "disability" under Title XVI).

## II.    <u>JURISDICTION</u>

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter judgment affirming, modifying, or reversing that decision.  *See* 42 U.S.C. § 405(g).

## III.    <u>STANDARD OF REVIEW</u>

District courts review the parts of a magistrate judge's R. & R. to which objections are raised *de novo*, and, in doing so, may accept, reject, or modify, in whole or in part, the R. & R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  This differs from the standard applied to the Commissioner's decision.  That decision, rendered by an ALJ, is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Where substantial evidence supports the ALJ's decision, a court is obliged to affirm.  *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted).  The district court may consider any evidence in the record, regardless of whether cited in the ALJ's decision.  *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).  "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citation omitted).

# IV.  DISCUSSION

The Magistrate Judge recommended that the final decision of the Commissioner, via the ALJ's decision, be affirmed and Plaintiff's Complaint be dismissed.  (R. & R. 17).  Plaintiff objected on the basis that the ALJ's decision failed to follow the SSA's own regulations in reaching a conclusion regarding Plaintiff's residual functional capacity.[5]  (Pl.'s Obj. 1-4).

In particular, Plaintiff contends that the ALJ violated the requirements of Social Security Ruling ("SSR") 96-8p to discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., eight hours a day for five days a week, or an equivalent work schedule) related to her frequent appointments and resulting work absenteeism, and to explain how material inconsistencies or ambiguities in the evidence were considered and resolved.[6]  (Pl.'s Obj. 1).  Plaintiff argues that the case law cited by Magistrate Judge Lindsay is distinguishable, and asks that the Commissioner's decision be reversed.  (Pl.'s Obj. 1-4).

Regarding a claimant's residual functional capacity, SSR 96-8p requires, *inter alia*, as follows:

> [A] narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).  In assessing RFC, the adjudicator must

---

[5] Plaintiff also purports to object "for the reasons included in the previous brief . . . ."  (Pl.'s Obj. 4).  The Court will not review based on this perfunctory objection.  A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections "wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  (internal quotation marks omitted) (citation omitted)).

[6] The Court notes that the same basic argument was presented to Magistrate Judge Lindsay (*see* Pl.'s Fact & Law Summ., DN 15-1), and the Court is therefore required to review only for clear error.  *Howard*, 932 F.2d at 509; *Manigaulte*, 659 F. Supp. 2d at 372.

discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

The Court notes that the ALJ, in fact, did include in his narrative discussion evidence presented by Plaintiff regarding absenteeism—i.e., "[Plaintiff] stated that she has medical appointments about three or four times a week. She said that someone takes her to physical therapy three times a week." (R. at 37). The Court agrees with the Magistrate Judge that, given that Plaintiff bore the burden at this stage of the ALJ's analysis, Plaintiff did not present adequate evidence regarding medically necessitated absenteeism from work. (R. & R. 6-12). The ALJ's determination that Plaintiff needed to attend appointments three times per week did not render her disabled was supported by the evidence in the record or not compelled by the evidence in the record. *See Schumacher v. Barnhart*, 196 F. Supp. 2d 716, 719 (N.D. Ill. 2002) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 781 n.1 (1992)).

Further, Plaintiff has made no argument that, even if the ALJ failed to follow SSA regulations, that his error prejudiced her on the merits or deprived her of a substantial right, i.e., that this additional restriction as to her residual functional capacity would have led to the conclusion that there were not jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Bowen*, 478 F.3d at 746. Given these facts, the Court is satisfied that there was no clear error, and will overrule Plaintiff's objection.

## V.     <u>CONCLUSION</u>

For the reasons discussed above, **IT IS HEREBY ORDERED** as follows:

1.      Plaintiff's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 21) is **OVERRULED**;

2.      The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 20) are **ADOPTED**; and

3.      Plaintiff's Complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**

March 29, 2018

cc:     counsel of record